Monroe County Clerk - Court Records Search

## 21-CA-000061-P : Bess, Dontavis vs OCEAN REEF CLUB, INC.

| | | | |
|---|---|---|---|
| Case Type: | Discrimination - Employment or Other | Date Filed: | 2/9/2021 |
| Location: | Circuit Civil Plantation Key | UCN: | 442021CA000061A001PK |
| Judge: | Timothy Koenig | Status: | Pending |
| Citation Number: | Discrimination - Employment or Other | Appear By Date: | |

### Parties

| Name | Type | Attorney | Atty Phone |
|---|---|---|---|
| Dontavis Bess | PLAINTIFF | | |
| OCEAN REEF CLUB, INC. | DEFENDANT | | |

### Charge Details

| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |
|---|---|---|---|---|---|

### Docket Events

| Date | Description | Pages |
|---|---|---|
| 2/16/2021 | Scheduling Order | 5 |
| 2/10/2021 | Signed Summons | 1 |
| | Comments: Robert A Bogdan | |
| 2/9/2021 | Claim Amount at Filing Over $100,000.00 | |
| 2/9/2021 | Summons Submitted for Issuance | 1 |
| 2/9/2021 | Complaint | 14 |
| 2/9/2021 | Civil Cover Sheet | 3 |
| 2/9/2021 | Complaint | |

### Hearings

| Date | Hearing | Time | Location | Pages |
|---|---|---|---|---|

### Financial

| Date | Description | Payer | Amount |
|---|---|---|---|
| 2/9/2021 | Transaction Assessment | | 410.00 |
| 2/9/2021 | Payment | Bess, Dontavis | -410.00 |
| | | Balance Due: | 0.00 |

### Bonds

| Description | Status Date | Bond Status | Amount |
|---|---|---|---|

### Warrants

| Number | Status Description | Issue Date | Service Date | Recall Date | Expiration Date | Warrant Type |
|---|---|---|---|---|---|---|

EXHIBIT "1"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SIXTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MONROE</u>   COUNTY, FLORIDA

<u>Dontavis Bess</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>OCEAN REEF CLUB, INC.</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

EXHIBIT "1"

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

**EXHIBIT "1"**

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

      <u>5</u>

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐ yes
      ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒ no
      ☐ yes If "yes," list all related cases by name, case number, and court.
    <u>No</u>

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒ yes
      ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Peter M Hoogerwoerd</u>      Fla. Bar # <u>188239</u>
      Attorney or party          (Bar # if attorney)

<u>Peter M Hoogerwoerd</u>          <u>02/09/2021</u>
  (type or print name)          Date

EXHIBIT "1"

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

DONTAVIS BESS,                                CASE NO.

     Plaintiff,

v.

OCEAN REEF CLUB, INC.
a Florida Not-for-Profit Corporation,

     Defendant.

_____/

## COMPLAINT

     Plaintiff, DONTAVIS BESS ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendant, OCEAN REEF CLUB, INC. ("Defendant"), a Florida Not-for-Profit Corporation, and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under the Florida Civil Rights Act of 1992, Florida Statutes, § 760, *et seq.* ("FCRA"); and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981"), to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race - as well as retaliation based on that discrimination.

2. Plaintiff was an employee of Defendant, which at all pertinent times had its club and was headquartered at 35 Ocean Reef Drive, Key Largo, Florida 33037 – located in Monroe County, Florida.

3. Venue is proper in Monroe County, Florida because all of the actions complained of herein occurred within Monroe County, Florida and Defendant has availed itself to the jurisdiction of Monroe County, Florida.

4.  Defendant was a "person" and/or an "employer" pursuant to Title VII and the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5.  Defendant is a "person" within the purview of the FCRA.

6.  At all times material hereto Defendant was an "employer" within the meaning of the FCRA.

7.  At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the FCRA.

8.  Plaintiff is a Black male individual and is a member of a class of persons protected from discrimination in his employment under the FCRA and § 1981.

9.  Plaintiff previously filed a timely charge of employment discrimination – on or about December 12, 2018 – with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination which was dually filed with the Florida Commission on Human Relations.

10. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff was hired by Defendant on or about July 8, 2018 as an engineer and painter for Defendant's property in Key Largo, Florida.

13. Plaintiff's supervisor was Hector Nuñez ("Nuñez") – who is white Hispanic. Almost immediately, Nuñez treated Plaintiff differently than Plaintiff's similarly-situated non-black co-worker – Luis Gomez ("Gomez"), who is also white Hispanic.

14. Nuñez's disparate treatment included giving Plaintiff a time limit to complete Plaintiff's work orders, but not giving any time limits to Gomez to complete Gomez's work orders. Nuñez also gave Plaintiff more work orders to complete than Gomez.

15. Gomez would consistently verbal abuse Plaintiff by referring to Plaintiff as "nigga" – a highly inflammatory and racially-insensitive term. Plaintiff consistently and firmly told Gomez not to address him as "nigga" – but these requests were ignored by Gomez.

16. In one instance, Plaintiff was helping Gomez finish a work order when Gomez told Plaintiff, "damn nigga, you slow." Plaintiff replied by telling Gomez he was not required to help Gomez because Plaintiff had work orders of his own to complete. In response, Gomez told Plaintiff, "So what nigga? I got a lot of work to do too."

17. After the incident, Plaintiff complained to the Defendant's Night Shift Supervisor – Joanne – about Gomez's language and conduct. Joanne ignored Plaintiff's complaint and took no affirmative action to address the matter.

18. Because Nuñez and Gomez were friendly prior, during, and after Plaintiff's employment with Defendant, Gomez was protected by Nuñez for his racially-charged speech and conduct.

19. Accordingly, when Plaintiff brought up the incident to Nuñez, Nuñez told Plaintiff he was not "tough enough" for the position and that there might be some instances when Nuñez and Gomez offend Plaintiff. When Plaintiff inquired what would happen if Plaintiff used racially-charged rhetoric towards Gomez, the same way Gomez used racially-charged rhetoric towards Plaintiff, Nuñez provided no response.

20. On or about October 2018, Plaintiff was accused by Gomez of going into a hotel room – a violation of Defendant's policy. Specifically, Gomez told Plaintiff "you can get fired for that nigga."

21. In response, Plaintiff was adamant in his innocence and implored Defendant's supervisory staff to check the property's security cameras. Upon review, Defendant's security cameras showed that another person – a Hispanic individual who bared no resemblance to Plaintiff – was actually the person who entered the hotel room.

22. When Plaintiff questioned Gomez about his fallacious and harmful accusation towards Plaintiff, Gomez simply brushed it off and replied, "my bad."

23. Gomez was never reprimanded or terminated for his racially-insensitive and inflammatory conduct towards Plaintiff. In fact, Gomez has been promoted to supervisor in Defendant's organization following Plaintiff's termination.

24. On or about November 21, 2018, Plaintiff requested Thanksgiving off so that Plaintiff could celebrate the holiday with his family. This request was approved by Defendant's engineering department, and thus, Plaintiff did not show up to work on Thanksgiving – on or about November 23, 2018.

25. On or about November 23, 2018, Plaintiff was terminated by Nuñez for failing to show up to work – despite Plaintiff getting prior authorization from Defendant to have Thanksgiving off from work.

26. Defendant claimed that the cause of Plaintiff's termination was due to a history of Plaintiff failing to report to work. However, in the almost five (5) months Plaintiff worked for Defendant, Plaintiff failed to show up to his scheduled shift only two (2) times – on or about October 30 and 31, 2018.

4

27. In this collective incident, Plaintiff had given Defendant prior warning that Plaintiff would not be able to work these shifts due to a child care issue with Plaintiff's daughter. Instead of being proactive and accommodating Plaintiff's singular request for time off prior to Thanksgiving, Defendant and its agents dug their heels in and denied Plaintiff's request. Forced to choose between Plaintiff's work shift and Plaintiff child, Plaintiff chose to take care of his child.

28. Defendant also claimed Plaintiff was terminated due to Plaintiff's "shoddy" work for Defendant during his employ with Defendant. This is in spite of Plaintiff's working for Defendant for almost five (5) months – and most likely much longer if Plaintiff showed up to work on or about November 23, 2018. Further, it ignores the fact that Plaintiff was required to complete more work orders – on a time limit – than Plaintiff's co-workers.

## COUNT I
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

30. Plaintiff is a member of a protected class under § 1981.

31. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

32. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment

with the Defendant.

35. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

38. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

39. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

40. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of 42 U.S.C. § 1981*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

42. Plaintiff is a member of a protected class under § 1981.

43. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981.

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

49. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT III</u>
*Race Discrimination in Violation of the FCRA*

82. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

83. Plaintiff is a member of a protected class under the FCRA.

84. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

85. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is black.

86. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

87. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

88. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

89. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

90. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

91. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

92. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Hostile Work Environment in Violation of the FCRA*

93. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

94.  Plaintiff is a member of a protected class under the FCRA.

95. As part of its protections, the FCRA protects the rights of employees to work in a safe workplace free from harassment or abuse.

96. The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

97. The harassing conduct Plaintiff was subjected to was perpetrated against him as a result of being Black.

98. Plaintiff was the victim of harassment when Defendant's agents failed to provide a safe environment by failing to discipline racist co-workers and prevent verbal abuse directed at Plaintiff. Defendant's agents also failed to ensure that similar situated workers – regardless of their race – received the same work conditions and amount of work.

99. The harassment Plaintiff was subjected to rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

100. Defendant's alleged bases for the adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

101. As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and

11

lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fee; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT V**</u>
*Retaliation in Violation of the FCRA*

102. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

103. Plaintiff is a member of a protected class under the FCRA.

104. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

105. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected

rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

106. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

107. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

108. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

109. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: **February 9, 2021**

Respectfully submitted,

<u>/s/ Peter M. Hoogerwoerd</u>

Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
Ivette Rabeiro, Esq.
Fla. Bar. No. 1026822
Email: pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

EXHIBIT "1"

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

DONTAVIS BESS,                                    CASE NO.

      Plaintiff,

v.

OCEAN REEF CLUB, INC.
a Florida Not-for-Profit Corporation,

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** OCEAN REEF CLUB, INC. through its Registered Agent:

        Robert A Bogdan,
        35 OCEAN REEF DR
        STE 200 EO
        KEY LARGO, FL 33037

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                    DATE

_____
(BY) DEPUTY CLERK

Filing # 121152630 E-Filed 02/10/2021 12:35:26 PM

Filing # 121090492 E-Filed 02/09/2021 05:06:27 PM                    **EXHIBIT "1"**

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

DONTAVIS BESS,                              CASE NO. 21-CA-61-P

     Plaintiff,

v.

OCEAN REEF CLUB, INC.
a Florida Not-for-Profit Corporation,

     Defendant.

_____/

**SUMMONS IN A CIVIL CASE**

**TO:** OCEAN REEF CLUB, INC. through its Registered Agent:

> Robert A Bogdan,
> 35 OCEAN REEF DR
> STE 200 EO
> KEY LARGO, FL 33037

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

> PETER M. HOOGERWOERD, ESQ.
> REMER & GEORGES-PIERRE, PLLC.
> 44 WEST FLAGLER STREET
> SUITE 2200
> MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

KEVIN MADOK, CPA, Clerk                    2|9|21

CLERK                                      DATE

(BY) DEPUTY CLERK

# IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA IN AND FOR MONROE COUNTY

CASE NO: 2021-CA-61-P

**DONTAVIS BESS,**

      Plaintiff(s),

v.

**OCEAN REEF CLUB, INC.,**

      Defendant(s).

_____/

## SCHEDULING ORDER

THIS CASE having been reviewed by the Court pursuant to Rule 1.200(a), Florida Rules of Civil Procedure, and Rule 2.085, Florida Rules of Judicial Administration, with regards to the Court's obligations thereunder, and the Court being fully advised in the premises, it is hereby,

ORDERED as follows:

## MEET AND CONFER TO CREATE AGREED DEADLINES FOR CASE:

Within 20 days of the entry of appearance of counsel, counsel are ordered to meet and confer, to discuss and stipulate to reasonable time deadlines for this scheduling order, that are agreeable to all parties, and may more closely meet the needs of the litigants, given the nature of the case and matters in controversy. The form of the order may not be generally changed without leave of Court. If all counsels are able to reach an agreement on suitable deadlines which differ from the deadlines set forth herein, counsel shall submit an Agreed Scheduling Order to the Court for entry. The Court will generally not approve agreed modifications which would put the case beyond the Florida Supreme Court's time standards, absent good cause shown. Unless and until such time as all counsel have complied with this provision, and an Agreed Scheduling Order has been entered, the deadlines set forth hereafter shall govern this case. The procedure set forth above may also be used by counsel to seek modification of the Scheduling Order as the case progresses, as may be helpful to the parties and counsel.

Counsel herein are advised that the deadlines set forth herein will not be extended solely by reason of the failure to serve process on parties, addition of new parties, claims or counterclaims to the case, pendency of motions directed to the pleadings,

changes in the trial date, or stipulations between the parties or their counsel, absent good cause shown and an order specifically extending the deadlines.

1. **PLAINTIFF ORDERED TO SERVE SCHEDULING ORDER**:  Plaintiff's attorney is hereby Ordered to serve a copy of this Scheduling Order on each Defendant once service is obtained, and further, shall serve a copy on any new party to the action, within ten days of service of pleadings on that party. Any party not timely served with the Scheduling Order who has thereby been deprived of time to complete deadline items shall discuss this with all other counsel and seek a stipulated amendment to the deadlines, failing which the aggrieved party may seek relief from the Court.

2. **FACT WITNESSES AND EXHIBITS:**  All fact witnesses and exhibits must be disclosed no later than **90 days** from entry of this Order, by the party bearing the burden of proof on the issue the witness will testify on; the party not bearing the burden of proof on that issue will have an additional 30 days thereafter to disclose witnesses, if any.

3. **EXPERT WITNESSES:**  All expert witnesses must be disclosed no later than **120 days** from entry of this Order by the party bearing the burden of proof on the issue that the expert will testify on; the party not bearing the burden of proof on that issue shall have an additional 30 days thereafter to disclose experts, if any.

4. **DISCOVERY DEADLINE:**  All discovery (including obtaining rulings on discovery motions) shall be completed **180 days** from entry of this Order.  "Completed" means responses have been received, discovery motions have been ruled on, and all discovery matters fully resolved.  This discovery deadline shall not prevent the taking of depositions to perpetuate testimony and depositions of records custodians to establish evidentiary predicates for trial, however, depositions to perpetuate testimony and of record custodians must be completed prior to the Pretrial Conference, and no continuances will be granted as a result of failure to comply with this requirement.

5. **DISCOVERY DISPUTES:**  All counsel are directed to meet and confer on such disputes, as set forth below, and if no agreement is achieved, counsel may be required to personally attend any hearing on such discovery dispute.

6. **MOTION PRACTICE AND PROCEDURE**:

   a. **GENERAL MOTION FILING DEADLINE:**  All motions, (excluding discovery motions which are controlled by paragraph 4, above) shall be filed no later than 30 days after the discovery deadline.  Any motion filed after that date will be deemed untimely and may be thereupon denied.

   b. **GENERAL MOTION HEARING DEADLINE:**  Timely filed motions shall be scheduled and heard no later than 60 days after the discovery deadline. Any motions not heard by that date may be denied as untimely.

c. **MOTIONS DIRECTED TO THE PLEADINGS**: All motions directed to the pleadings shall be accompanied by a notice of hearing that sets any such motion for hearing to be held within 60 days of the date of filing of the motion. Any party unable to secure hearing time to comply herewith is directed to call the Court's Judicial Assistant immediately so that hearing time can be made available. The parties are advised that the Court's Trial Order will summarily deny all motions directed to the pleadings that have been filed without being set for hearing as required above. These requirements may be excused only upon good cause shown, upon motion of any party and order of the Court.

d. **MOTION SETTING:** Motions may be heard by the Circuit Judge or before a Special Magistrate. If you or your client prefer to have the hearing before the Circuit Judge, instead of a Special Magistrate, please call Judicial Assistant, Kathy Rupp, at (305) 292-3433, the day before the scheduled hearing so that your case may be placed on the Judge's docket.

**Open Motion Calendar**: Non-telephonic motions of 30 minutes or less may be scheduled on the court's Open Motion calendar by calling the Clerk of Court, Civil Division, at (305) 292-3458. Open motion hearings in which any party is appearing by telephone may only be scheduled in the afternoon session, and are limited to 15 minutes. No telephone appearances will be permitted in the morning open motion session. Motions in excess of 30 minutes and all evidentiary motions may be specially set by calling Judicial Assistant, Judge Koenig's office, at (305) 292-3433. No evidentiary motions are permitted on the open motion calendar.

e. **TELEPHONIC PROCEDURE:** All counsel or parties appearing telephonically shall utilize Zoom until further notice, unless otherwise directed by the court.

f. **MOTION PROCEDURE**: Motions shall be filed with the Clerk before hearing time is reserved. A courtesy copy of all motions and memoranda in response may be mailed or delivered (no facsimiles) to the Judge's Chambers for delivery at least 5 days before the hearing for all telephonic hearings, or a courtesy copy shall otherwise be brought to the hearing for the court's use. Should the Court find that there is no motion in the Court file at the time of the hearing, the hearing may be cancelled.

Motions must be set for hearing within 90 days of filing, except as limited in paragraph (a), above. Oral argument shall be deemed waived on motions not heard within 90 days of filing. Allstate Ins. Co. v. Montgomery Ward, 538 So.2d 974 (Fla. 5th DCA 1989).

g. **ALL MOTIONS AND DEPOSITION DATES TO BE CLEARED:** Counsel shall not schedule a motion hearing or a deposition on a date or time that has not been cleared on all other counsel's calendar(s). The lawyer setting the hearing has the responsibility to determine if any other lawyer wishes to

appear telephonically, and if so, the matter may <u>only</u> be set on the afternoon telephonic docket. If counsel are unable to agree on dates or times for hearings or depositions, the moving party shall set the dispute for hearing by motion on a time and date provided by the Court's Judicial Assistant. All counsel may be required to personally attend such hearings with their calendars, and no telephonic appearance will be permitted, absent leave of Court.

h. **MEET AND CONFER REQUIREMENT:** Counsel shall meet and confer regarding all disputed issues <u>before</u> setting a hearing to resolve those issues on motion. Failure to comply with this requirement may result in removal of motions from the docket, rescheduling of motions by the Court, denial of motions, or sanctions, as appropriate.

i. **EMERGENCY MOTIONS:** An emergency motion is based on an immediate threat to life, limb or property. The Court will set aside all other pending matters to address <u>bona fide</u> emergencies. Scheduling conflicts between counsel, last minute attempts to modify deadlines, and similar issues are not "emergencies" and may not be styled as such to obtain expedited relief from the Court. Counsel are directed to meet and confer regarding such issues and either submit a stipulation and agreed order, or to schedule such matters for hearing on the Court's regular motion calendar.

7. **MEDIATION REQUIREMENT:** The Court requires mediation in all civil cases, unless otherwise ordered. This order shall constitute a referral to mediation by the Court pursuant to Fl.R.Civ.Pro. 1.700(1), and the rules, procedures and other requirements set forth in Rules 1.700-1.730, are applicable, including the imposition of sanctions, which includes attorney's fees and costs, <u>inter alia</u>, regarding all mediations conducted in or regarding this case. The parties will complete mediation of this case after the Motion Hearing Deadline and before the Pre-trial Conference. Previous, unsuccessful attempts at mediation may not be deemed a sufficient basis to be excused from this mediation requirement. Plaintiff's counsel is directed to coordinate the mediation with all other counsel. All parties are ordered to appear in person for the mediation, and a claims adjuster with full settlement authority is also ordered to appear in person in cases where any portion of the defense is being conducted by an insurance carrier. Failure to comply with this requirement may be sanctioned by the Court as appropriate. If no mediation report showing compliance herewith is in the Court file at the Pretrial Conference, the Court may impose appropriate sanctions, including case dismissal or striking of pleadings.

8. **MOTIONS IN LIMINE:** These motions must typically be filed and heard as set forth above. The Court will hear motions in limine after these deadlines only upon a showing that the factual basis for the motion could not have been reasonably known by counsel before the general motion deadline.

9. **TRIAL SETTING AND PRETRIAL CONFERENCE.** Counsel are advised that this Order is not a Trial Order, but is a Scheduling Order to enforce compliance with

time standards set forth below.  By Separate Trial Order, this case will be set for trial no less than 30 days after expiration of the General Motion Hearing Deadlines. Counsel are directed to be fully prepared for trial by this date.  Counsel shall notify the Court immediately, if trial of this cause is anticipated to be longer than 5 days, by serving and filing a Notice of Anticipated Lengthy Trial estimating the number of trial days, and delivering a copy of same to the Judge's Chambers.

10. **OVER TIME STANDARDS CASES:**  Counsel are advised that discovery will not be reopened, and continuance of the trial date will not be granted for cases that have exceeded these time standards:
(Civil:  18 months from the filing of the Complaint ("FFOC") for jury cases, 12 months FFOC for non-jury cases; Family –Contested: 180 days FFOC, Uncontested: 90 days FFOC) absent a showing of extraordinary circumstances that justify such a
request.

11. **SETTLEMENT:**  Counsel shall file a fully signed, written stipulation and proposed order of dismissal before any settled case will be taken off the Court's docket.

DONE and ORDERED in Chambers at Key West, Monroe County, Florida, this ___11___

day of ___Feb.___ 2021.

TIMOTHY J. KOENIG
CIRCUIT JUDGE

cc:    Peter M. Hoogerwoerd, Esq. – pmh@rgpattorneys.com